PRESCOTT, *Adm'r*, v. FARMER, *Adm'x*, *Ap't*.

In an appeal by an administrator from the allowance of a claim by the commissioner of insolvency, no bond is required.

An administrator *de bonis non* is the proper person to recover a balance found in a former administrator's hands on settlement, and for that purpose may maintain a suit on the probate bond of his predecessor.

A claim on a probate bond may be prosecuted before a commissioner of insolvency without first obtaining an order of the judge of probate.

On an appeal from the allowance by the commissioner of a claim on a probate bond in the name of a claimant, he may amend the proceeding by making the judge of probate the nominal plaintiff.

APPEAL, from the allowance of a claim by a commissioner of insolvency.

The plaintiff is administrator *de bonis non*, with the will annexed, of John Prescott.   Goss was executor of the will.   On the settlement of his account in probate court, there was found in his hands

a balance of $240.76, which, by the will, was bequeathed to four residuary legatees, of which the plaintiff was one. There was no formal decree of distribution. Goss died, not having paid the balance. His estate was insolvent, and the commissioner allowed the claim of the residuary legatees, $240.76, upon which they received a dividend of 12½ per cent. William P. Farmer was a surety on Goss's probate bond. Farmer is dead, and the defendant is his administratrix. The plaintiff presented the bond as a claim against Farmer's estate. It was allowed, and this appeal is from that allowance. The appellant has filed no bond. She objects that the proceeding is in the name of the plaintiff, and not of the judge of probate nor by his order, and that the plaintiff cannot maintain the suit either in his own name or in that of the judge of probate.

The plaintiff moves for leave to amend by making the judge of probate the nominal plaintiff.

*Gould*, for the plaintiff.

*Cross & Burnham*, for the defendant.

ALLEN, J.   The appellant, being an administratrix, was not required to file a bond on taking the appeal. Gen. St., c. 181, ss. 3, 4.

The plaintiff, as administrator *de bonis non* of Prescott's estate, was Goss's official successor in the trust, and entitled to receive whatever remained of the estate in his hands on the settlement of his account, and, in default of payment, was the proper person to recover the amount of Goss's sureties by a suit on his probate bond. *Judge of Probate* v. *Heydock*, 8 N. H. 491, 497, 498.

Generally, a decree of distribution by the judge of probate, or an acknowledgment of the claim by the executor or administrator, is necessary to the maintenance of a suit on a probate bond for a legacy or distributive share. *Judge of Probate* v. *Briggs*, 5 N. H. 68; *Judge of Probate* v. *Adams*, 49 N. H. 150, 154; *Adams* v. *Adams*, 16 Vt. 228; 2 Redf. Wills 82, 83, and notes. The executor, Goss, took no appeal from the settlement of his account, in which the balance was found against him. That balance was made the basis of a claim against his estate, which was allowed by the commissioner, and a dividend upon it was paid in accordance with a decree of the probate court. This was a sufficient decree of distribution, and the payment, without appeal, a sufficient recognition and acknowledgment of the claim by the representative of Goss's estate.

A suit on a probate bond should be in the name of the judge of probate, after an order by him permitting it. Gen. St., c. 187, ss. 4, 5, 6. The suit was instituted before the commissioner of insolvency, and if any order for its prosecution had been necessary, the acceptance by the judge of probate of the commissioner's report,

which included the allowance of this claim, was all that was necessary. The law compelled the plaintiff to present his claim for allowance, or suffer the consequence of a legal bar (Gen. St., c. 181, s. 16) ; and the statute requiring a formal order for leave to bring a suit, and a bond to be filed by the creditor, cannot be held to apply to a case of this kind.

By statute, the creditor in insolvent appeals, in case of accident or mistake, may amend his declaration, or supply its entire omission by filing one. Gen. St., c. 181, s. 17. The judge of probate, being a party to the bond to prevent a failure of justice, the amendment making him nominal plaintiff should be allowed. *Belknap* v. *Clark*, 58 N. H. 150 ; *Judge of Probate* v. *Jackson*, 58 N. H. 458 ; Laws of 1879, c. 7.

*Case discharged.*

BINGHAM, J., did not sit: the others concurred.