Merrimack,
Oct. 6, 1903.

## JUDGE OF PROBATE v. LEE & a.

An action of debt may be maintained for the breach of an administrator's bond, although there has been no settlement of his account and no decree of distribution by the probate court.

Where it is alleged that the allowance of claims against the estate of a person deceased was procured through fraud, the parties interested have an adequate remedy in an appeal from the acceptance of the commissioner's report.

DEBT, upon the bond given by William A. Lee, as administrator of the estate of Katherine Lee, deceased. The suit was brought at the request of Sarah S. Lee, in her individual capacity as the widow of John J. Lee, deceased, an heir of Katherine, and also in her capacity as guardian of his only child and heir. The breach of the bond specified is the fraud of William A., in procuring the allowance of false and fraudulent claims against the estate of Katherine by the commissioner appointed to allow claims against the same, and in selling, as administrator, real estate belonging to Katherine for a sum much less than its value, with the understanding that the purchaser should immediately reconvey the same to him and the other heirs of Katherine aside from John J.,—all done for the purpose of preventing John J. from inheriting a share of said real estate, and thereby depriving Sarah S. and the child of John J. of the rights therein to which they are respectively entitled by virtue of their relationship to him. The defendants pleaded that the action could not be maintained, for the reason that William A. has not settled an account of his administration with the judge of probate. The plaintiff's demurrer to the plea was sustained by *Peaslee*, J., at the April term, 1903, of the superior court, and the defendants excepted.

*Matthews & Sawyer* and *Martin & Howe*, for the plaintiff.

*Mitchell & Foster* and *Sargent, Niles & Morrill*, for the defendants.

CHASE, J. In this case, as in *Judge of Probate v. Lane*, 50 N. H. 556, the plaintiff specifies fraud in the sale of real estate under a license as the breach of the bond relied upon. In the Lane case a replication to an insufficient plea was treated as a specification of the plaintiff's claim; and the defendants, by demurring to it, admitted its allegations. The alleged breach of the bond being thus admitted, it necessarily followed that the

plaintiff was entitled to judgment; for "when it shall appear upon confession, verdict, demurrer, or in any other way, that the penalty of the bond is forfeited, judgment shall be rendered against the defendant for such penalty; and such judgment shall be security for all parties interested." P. S., *c.* 199, *s.* 7. Subsequently, upon a hearing in chancery for the ascertainment of the claims of the parties whose names were indorsed upon the writ (P. S., *c.* 199, *s.* 8), the question arose whether the damages caused by the fraudulent sale should be determined in the action, or whether the parties must go to the probate court and have them determined there; and it was held that the probate court had sole, original jurisdiction of the matter. *Judge of Probate* v. *Lane*, 51 N. H. 342. The case was continued to enable the plaintiffs to institute and prosecute proceedings before the probate court and the supreme court on appeal, to charge the executor with such damages. *Flanders* v. *Lane*, 54 N. H. 390.

In this case, the defendants have not demurred to the specification, or otherwise admitted its allegations, and there has been no finding that the allegations are true. The plea which they have filed is of the nature of a plea in abatement. Their position is that an action cannot be sustained until after there has been a settlement of the administrator's account and a decree of distribution in the probate court. This position cannot be sustained. An action will lie at any time after there has been a breach of the bond, although parties in interest may not have their claims in the condition that will entitle them to the benefit of the security afforded by the bond. They may perfect their claims by proper proceedings pending at the time of the commencement of the action on the bond, or subsequently instituted. For a breach of the bond there can be only one judgment, and that must be for the whole penalty, and stands as security for all parties interested, whether their names are indorsed on the writ or not. "It must follow, as a matter of course, that persons interested may be entitled to an award of execution, even although their claims were not perfected when the suit on the bond was brought, or even when the judgment was rendered, either by the proper decrees in the probate court, by judgment at law, or by assent of the executor." *Judge of Probate* v. *Lane*, 51 N. H. 342, 346. The facts alleged in the defendants' plea do not warrant the abatement of the action, and the demurrer to it was properly sustained.

If the plea had been a denial of the alleged breach of the bond, the question presented would be the same as that decided in the Lane case when it was before the court the second time (51 N. H. 342). It would be necessary to continue the action to await the decision of the question of fraud in proper proceedings before the

probate court.   If there was fraud, as alleged, in the allowance of claims against Katherine's estate by the commissioner, the parties interested have an adequate remedy in an appeal from the acceptance of the commissioner's report.   P. S., *c.* 193, *s.* 4.   The decree of the probate court accepting the report cannot be attacked collaterally in this action, any more than a decree upon the settlement of the administrator's account could be thus attacked.   Both are binding unless modified upon appeal.   *Gordon* v. *Gordon*, 55 N. H. 399.

*Exception overruled.*

WALKER, J., did not sit: the others concurred.