Grafton,
Oct. 7, 1941. } No. 3270.

LISBON SAVINGS BANK & TRUST COMPANY

*v.*

ESTATE OF HERBERT B. MOULTON, & *a.*

*Cheney, Nighswander & Lord* (*Mr. Cheney* orally), for the plaintiff.

*Crawford D. Hening,* for the defendant Martin A. Brown.

*McLane, Davis & Carleton* (*Mr. Carleton* orally), specially for the defendant Eugene M. Dow individually and as executor, and generally for the defendants Earnest H. Hallett and Nell T. Moulton individually.

*Pike & Aldrich* (*Mr. Pike* orally), for the defendants Earnest H. Hallett and Nell T. Moulton as executors.

ALLEN, C. J.  I. The plaintiff's petition seeks relief in two respects, one to obtain judgment as a creditor against the defendants as executors and one to have the executors charged both in such capacity and as individuals for the amount of the judgment it may obtain.  As alleged, the executors in various specified respects have so misconducted and mismanaged the administration of the estate that both as executors and individually they should be charged with liability to pay the judgment whether or not the present resources of the estate are sufficient therefor.  The position is taken that the proceeding is equitable in nature and that equity has jurisdiction over the entire controversy since it has jurisdiction of one branch of it.  In particular it is averred that all issues between the plaintiff and the defendants and arising from the administration of the estate should be tried together, with a determination of each defendant's liability both as an executor and personally, to avoid multiplicity of suits.

When an estate is not administered as insolvent, a creditor of the decedent, in an action upon his claim, may attach the "goods or estate of the deceased" and may have a writ of execution against them upon the judgment he may obtain.  P. L., c. 302, s. 25.  Without such process to secure or satisfy the judgment he may obtain satisfaction of his judgment by suit upon the bond furnished by the

administrator or executor as a requisite of his appointment. The statute (P. L., c. 310, ss. 6 et seq.) prescribes the procedure for such suit. To obtain judgment in the suit upon the bond he must show the liability of the administrator or executor to pay his claim as a judgment creditor. While a breach of the bond leads to its forfeiture, the forfeiture does not show liability to pay the judgment creditor's claim. Only to the extent the liability is proved may the creditor recover on the bond. Damages resulting from the breach of the bond measure the extent within the amount of the penalty of the bond for which there may be recovery. "But in suits on those bonds, individuals are not entitled to judgment, for their particular claims, upon every breach of the condition. In certain cases, where the breach . . . of the bond has been a particular prejudice to an individual, he may have such a judgment; and this is believed to be, in general, the utmost extent, in which that remedy has ever been applied." *Gookin* v. *Hoit*, 3 N. H. 392, 393. If it appears that the administrator is liable upon an accounting beyond the amount of the penalty, action besides or otherwise than on the bond may be brought against him, but with no liability of the sureties on the bond over and above its penalty.

While a breach of the bond may be sufficient ground for the judgment creditor to have action instituted for forfeiture of the bond, yet if an accounting is necessary to show the administrator's liability to pay the creditor's judgment, recovery on the bond must be withheld until the liability as shown by the accounting is established. *Judge of Probate* v. *Lane*, 51 N. H. 342; *Judge of Probate* v. *Lee*, 72 N. H. 247.

An accounting to determine the administrator's liability must first be rendered in the probate court. "By the constitution and the statute, the probate court has exclusive, original jurisdiction of the settlement and distribution of the estates of deceased persons. The superior court has no power to require an administrator to account for his administration upon a bill in equity or to revise proceedings in the probate court except upon appeal. *Glover* v. *Baker*, 76 N. H. 393, 398, 399. While the court may upon request advise the administrator as to the execution of his trust in a proper case, it has no power to advise or direct in advance the action of the probate court, or to interfere with due administration therein. While the procedure invented by the decree [here that sought by the petition] may be convenient, existing constitutional limitations preclude its adoption." *Barrett* v. *Cady*, 78 N. H. 60, 64.

"By the constitution and the statute, the probate court has exclusive, original jurisdiction of the probate of wills and the settlement and distribution of the estates of deceased persons. *Knight* v. *Hollings*, 73 N. H. 495, 497; Const., *art.* 79, [80]; P. S., *c.* 182, *s.* 2 [now P. L., *c.* 293, *s.* 3]. Until the settlement of the executor's account, the probate court has entire jurisdiction of the necessary procedure. *Hayes* v. *Hayes*, 48 N. H. 219, 224, 225. The superior court has no power to require the executor to account for his administration upon a bill in equity, or to revise proceedings in the probate court except upon appeal. *Reed* v. *Prescott*, 70 N. H. 88; *Ayer* v. *Messer*, 59 N. H. 279." *Glover* v. *Baker*, 76 N. H. 393, 398, 399.

By statute the probate court "has jurisdiction of the probate of wills, and of granting administration, and of all matters and things of probate jurisdiction relating to the sale, settlement, and final distribution of the estates of deceased persons. The jurisdiction of the supreme judicial court in such matters is simply appellate". *Judge of Probate* v. *Lane*, 51 N. H. 342, 347.

Even as to trustees appointed by the probate court, "In so far as the earlier cases hold that equity has concurrent jurisdiction with the probate court in the settlement of the accounts of trustees, . . . they have in effect been overruled and are not to be followed." *Rockwell* v. *Dow*, 85 N. H. 58, 68.

The plaintiff upon obtaining judgment for its claim as a creditor of the decedent will have the right to have the defendant executors cited into the probate court and ordered to settle their account. The several claims of mismanagement and misconduct alleged in the petition are matters for inquiry and decision in an accounting. They relate to the administration of the estate and are elements of bearing in the determination of the balance or assets which are or should be available for the satisfaction of the judgment, and which will establish in measurement the extent of the liability of the defendants both as executors and individually. A probate accounting is settled upon equitable principles (*Stevens* v. *Gage*, 55 N. H. 175), and since only the probate court has original jurisdiction over an accounting by an administrator or executor, the jurisdiction is as extensive and comprehensive as that of a court of equity in a matter in which it has authority to adjudicate an accounting. Otherwise there would be a measure of denial of relief. If some of the claims are sustained against one or more, but not all, of the defendants, the decree upon the accounting may fix their liability separately. No ruling is hereby made as to the joint liability of the defendants

for the liability of one of their number. Nor is any opinion expressed upon the effect of the allowance of such accounts as have been heretofore rendered.

It follows that the only issue which can be decided in the present proceeding is whether the plaintiff is entitled to judgment as a creditor of the estate pursuant to the statute (P. L., c. 302, s. 28). The petition should therefore be dismissed without prejudice as to all defendants in their personal capacity, and also in their representative capacity except as to such issue of the plaintiff's right to judgment as a creditor.

II. The defendant Dow claims that upon the petition no valid judgment can be rendered in any respect against him as an executor, for the reason that he is a non-resident of the State and no service in the State has been made upon him. Ever since his appointment as one of the executors he has failed to appoint a resident agent to receive presentation of claims and service of process against the estate, as required by statute (P. L., c. 299, ss. 25, 29). He now boldly asserts that his violation of duty entitles him to rely upon a technique of jurisdiction. Admitting that the plaintiff may be entitled to judgment upon its claim against the estate, he nevertheless says that the judgment may be rendered only against his co-executors in their representative capacity. He admits his liability to be removed for disregard of his obligation, at the same time claiming a benefit from the neglect to comply with the statute. Conceding that he may be duly cited into the probate court as an executor by service of notice upon him outside the State, he insists that he may not be duly summoned into any other court in such capacity by like service. He ignores the situation of an estate having no resident, but only a non-resident, executor prior to the passage in 1891 of the statute above cited requiring an agent.

One answer to the proposition is that as an executor he is one person and as an individual another. "The defendant, in his individual capacity, is a distinct person, in contemplation of law, from the administrator . . ." *Cross* v. *Brown*, 51 N. H. 486, 488, citing *Saltmarsh* v. *Candia*, 51 N. H. 71, 76, to the same effect. It is to be noted that under statute law of the State an executor and administrator stand alike in the requirement of appointment by the probate court. By local law a will may name, but cannot appoint, an executor; only by court appointment is he qualified.

The legal concept is analogous to that of a corporation. As an artificial person distinct from himself as an individual, an executor

is a creation of the law, belonging in the state of his appointment and at all times subject to its jurisdiction, with no legal residence elsewhere. Accepting the appointment, he accepts the doctrine that he shall be regarded in his capacity as executor as a subject of the State, and not as an alien or non-resident. While as executor he is where he may be in person, his status as executor is local.

The statute requiring the appointment of an agent was enacted to facilitate the due and expeditious and convenient administration of estates, and not to prevent the loss of jurisdiction. Even if the legislature thought that the statute was necessary to give jurisdiction over an absent non-resident administrator or executor, it is not of consequence. The legislature may enact laws, but may not declare what the law is.

Cases in which an agent to receive notice and service of process is required to be appointed by non-resident persons as individuals or by foreign corporations are not comparable, since they have no local status in legal origin or residence. When a non-resident is appointed as a representative of an estate, he is only called in convenience a non-resident representative. This may follow as the natural thought of his primary personal status of non-residence. But misleading phraseology does not warrant its legal adoption. There is no non-residential status of a locally appointed representative of an estate. Administrators and executors as such are to be treated in the same manner as inhabitants of the State, although their presence as persons of legal creation may coincide with that of their individual selves. Their right to determine their personal domicile is not a right to determine the state in which they belong in their representative capacities. Whatever disparagement may be cast upon legal fictions in general, they are rightfully employed when they overcome a situation productive of confusion and incompatibility, if not also based only upon a ground of refined technicality.

It is not contended that aside from the issue of jurisdiction the service was insufficient in meeting statutory or other requirements. The petition not being in the nature of an action-at-law, the statutory provisions for the form of summons (P. L., c. 330, s. 17) and for the manner of service (P. L., c. 331, s. 2) are inapplicable, and non-compliance with the order of notice issued under Rule 106 of the Superior Court is not alleged.

Upon the issue of the plaintiff's right to judgment upon its claim, no personal controversy with this defendant arises. As an established claim against the estate, the judgment will be binding upon

all of the representatives of the estate, both as to present and as to successor ones. Although nominally against the representatives, in essence it will partake of an *in rem* character. The representatives of the estate as such have no personal interest at stake. Their conduct in discharging their fiduciary obligations may lead to an issue of their personal liability to the judgment creditor, but that issue cannot be presented in the present proceeding. Whether or not as an executor this defendant is a party to the proceeding, he has had actual notice of it, and his duties as an executor in respect to it are the same as though he were personally a resident of the State. No impairment of any of his constitutional rights is perceived.

The motion to dismiss of this defendant in his capacity as an executor should be denied.

III. The statute (P. L., c. 302, s. 28) provides that one having a claim against a decedent's estate which has not been seasonably prosecuted may apply for judgment on it by petition "setting forth all the facts." The petition here avers that one of the executors has been "the dominating factor" in the administration both of the estate and of the plaintiff's business, and that "acting in that dual fiduciary capacity, he, together with said other executors," induced the plaintiff not to prosecute its claims upon the representations and promises that the claims would be paid in full without their prosecution. This averment sets forth sufficient facts to constitute just reason for the delay of prosecution. Omission to state specifically the plaintiff's freedom from culpable neglect in failing to bring suit within the normal period prescribed by statute, or that the delay has not prevented a proper defence to the claims (*Mitchell* v. *Smith*, 90 N. H. 36, 40), creates no fatal, if any, defect. P. L., c. 334, s. 9; *Prentiss* v. *Company*, 75 N. H. 605; *Brown* v. *Barnard*, *ante*, 58.

The plaintiff is entitled to a trial upon the merits of the petition as limited in its proper scope by this opinion.

*Case discharged.*

All concurred.