E. T. TREFETHEN *v.* NANCY AMAZEEN, *Tr. & a.*

*Charles M. Dale*, by brief, for the plaintiff.

*William H. Sleeper*, by brief, for the defendant Nancy Amazeen, Tr.

112

*Hughes & Burns* and *Walter A. Calderwood* (*Mr. Calderwood* orally), for the defendant Atlantic Terminal Corporation.

JOHNSTON, J. The bill is wrongly entitled "Petition for Declaratory Judgment and Injunction" as the statutory remedy of petition for a declaratory judgment is not available when the rights of the parties can be determined by other proceedings. *Webster* v. *Hubley*, 92 N. H. 431.

The validity of a contract between stockholders is to be determined by the effects of its provisions. In *Bowditch* v. *Company*, 76 N. H. 351, this Court upheld a stockholders' agreement for a voting trust applying as a test the conclusions that there was no wrong to the corporation, no special benefit to the parties to the contract and no turning over of management to strangers. The Court did not leave out of consideration other stockholders individually and creditors. Briefly, the present stockholders' agreement was for the purpose of securing additional working capital for the corporation and provided that Mr. Holden would waive his right to vote certain shares so long as either of the other two contracting stockholders should own stock in the company, so that these two would be able to vote at least 50% of the voting stock. If we apply the above suggested tests to this agreement, it is clear that it is valid. Holden received no special benefit; his only benefit was the general one of all stockholders derived from a corporation with greater working capital. There was no injury to corporation, stockholders or creditors from the addition of new funds. The only detriment was to the parties to the contract and such as they themselves contemplated in the making of it, namely, the paying out of money by two of the parties and the loss of voting rights agreed to by the third party. There was no transfer of control of corporate management, whether for good or ill, to outsiders. The contract merely called for less voting power on the part of an assenting stockholder and relatively greater voting power on the part of other stockholders for a definite period. The effect of this upon other interests no one can say. "It is not in violation of any rule or principle of law nor contrary to public policy for stockholders who own a majority of the stock of a corporation to cause its affairs to be managed in such a way as they may think best calculated to further the ends of the corporation, . . ." 5 Fletcher, Corporations, s. 2064. See, also, 71 A. L. R. 1290 for a statement that voting trust agreements and so-called pooling agreements are valid if beneficial to the corporation, "as,

for instance, for the purpose of financing it." The trial Court has found that there was no fraud in fact.

"Prima facie the right to vote accompanies the legal title, but when the title is divided, and an equity exists, as between pledgor and pledgee, trustee and cestui que trust, or, as in the present case, between vendor and a vendee with a title inchoate until payment, the right to vote is subject to the agreement of the parties. This is the rule . . . of the common law." *Commonwealth* v. *Patterson*, 158 Pa. 476, 494.

Certainly the party to the contract so assenting cannot complain of the loss of the right to vote. *Chapman* v. *Bates*, 61 N. J. Eq. 658; 5 Fletcher, Corporations, *s.* 2066. There is no unreasonable restraint on alienation of the stock where the stock may still be transferred although possibly less attractive because of a waiver of voting rights for a definite time made in an agreement otherwise valid. *Smith* v. *Company*, 115 Cal. 584. The defendant trustee acquired the stock in question subject to and with full knowledge of the agreement of April 7, 1933, and has no greater rights with respect thereto than Stanley O. Holden. The defendant corporation has joined with the plaintiff in the position that the agreement is proper.

A stockholders' agreement reasonably intended to be beneficial to a corporation and injurious to no one save for the contemplated detriment to the contracting parties is valid. Violation of the present agreement by the defendant trustee would cause irreparable injury to the plaintiff and he is without adequate remedy at law.

*Case discharged.*

All concurred.