Cheshire,
Nov. 6, 1946. } No. 3597.

JUDGE OF PROBATE *v.* NATIONAL SURETY CORPORATION.

*Howard B. Lane, Samuel A. Margolis* and *Maurice Palais* of Massachusetts (by brief), for the plaintiff.

*Sulloway, Piper, Jones, Hollis & Godfrey* (by brief), for the defendant.

BURQUE, J. The petition cannot be entertained. Plaintiffs in interest have a plain adequate remedy at law. The statute, R. L., c. 364, s. 6, provides as follows: "Any person interested in a bond given to a judge may apply to the judge for an order for suit thereof, setting forth the claim intended to be recovered in such suit; and the judge may make the order, upon the applicant giving bond, with sufficient sureties, to pay the costs which may be adjudged against him." Section 7 provides: "The name and residence of every person at whose request the order is made and suit instituted shall be endorsed on the writ before the service thereof, with a brief statement of his claim." Section 8: "In such suit the defendant shall be called to answer to the judge of probate" for the county. Plaintiff Lane, in his capacity as administrator, w. w. a. of the estate of John Tonry, complied with the statute and applied to the Judge of Probate for the county of Cheshire to bring suit against the defendant bonding company. The application states "there is a deficiency of seventeen thousand one hundred dollars ($17,100) in said estate due to illegal acts of the said Brendon J. Keenan." This of course means the $17,100 ordered to be paid to Lane by Keenan as ancillary administrator in Massachusetts, in pursuance to the decree of the Judge of Probate in Middlesex county of that state. It is the only claim alleged in the application granted by the Judge of Probate for Cheshire county. Thereupon Lane, in conjunction with Sarah J. Tonry, a legatee, brought this petition for declaratory judgment.

From the above statutory provisions it appears conclusively that the only action that can be brought against the bond, after permission to do so has been granted by the Judge of Probate, is by a "writ," to be endorsed by the party for whose benefit it is sued out. This means an action at law and nothing else.

"Suits upon probate bonds can be maintained only by reason of, and in accordance with statutory provisions." *Judge of Probate* v. *Adams*, 49 N. H. 150, 152. The "statute (P. L., c. 310, ss. 6 *et seq.* [now R. L., c. 364] prescribes the procedure for such suit." *Lisbon Savings Bank &c. Co.* v. *Moulton's Estate*, 91 N. H. 477, 479. See also, *Judge of Probate* v. *Tillotson & a.*, 6 N. H. 292; *Prescott* v. *Farmer*, 59 N. H. 90.

Plaintiff Lane has a plain and adequate remedy at law. The issues presented here are the same as those to be tried out in an action at law against the bond (the only permission granted to him). This court has repeatedly announced this proposition of law, and where there is another plain, and adequate remedy at law, a petition for a

declaratory judgment cannot be invoked. *Lisbon District* v. *Lisbon*, 85 N. H. 173, 174, and cases cited; *Young* v. *Bridges*, 86 N. H. 135, 136; *Gitsis* v. *Thornton*, 91 N. H. 192, 193, and cases cited; *Trefethen* v. *Amazeen*, 93 N. H. 110, 112, and cases cited.

"Declaratory judgment statutes do not operate to repeal by implication or otherwise relevant and not inconsistent provisions of codes or statutes." Anderson, Declaratory Judgments, *p.* 17, *s.* 6. "The court will refuse a declaration . . . where a special statutory remedy has been provided." Borchard, Declaratory Judgments, *p.* 109.

The other plaintiff in interest, Sarah J. Tonry, principal legatee, is improperly joined in this proceeding. She has not been given authority to proceed in the name of the Judge of Probate. No opinion is expressed as to whether she can be given such authority.

*Petition dismissed.*

All concurred.