## Lawhead, Sr., Administrator, etc., v. Cornell, Administrator, etc.

*Carl A. Belin, Eugene G. Kitko* and *William Hollis,* for plaintiff.

*Henry M. Hipple,* for defendant.

LIPEZ, P. J., July 8, 1953.—This case is before us on preliminary objections to a complaint in trespass in an action instituted in this county on a cause of action arising out of an accident occurring in Adams. County, in which a certain guest passenger and the alleged operator of a motor vehicle met their deaths. From the pleadings and facts conceded by counsel it appears that plaintiff is the administrator of the estate of the deceased guest passenger, having been appointed by the Register of Wills of Clearfield County, and defendant is the administrator of the estate of the. alleged operator of the car and was so appointed by the Register of Wills of Clinton County. At the time of his appointment defendant administrator was a; resident of Clinton County but prior to the institution of the present action, he moved from Pennsylvania and became a resident of Jamestown, N. Y. Service of the complaint was made by the Sheriff of Clinton County by registered mail on the Secretary of the Commonwealth at Harrisburg, Pa., and similarly upon defendant at Jamestown, N. Y.

The reasons set forth in the preliminary objections are as follows:

1. The Court of Common Pleas of Clinton County is without jurisdiction of the cause of action set forth in the complaint under the provisions of Rules 2077 (A) (1), and 2078(A) (2) of the Pennsylvania Rules of Civil Procedure because

(a) No personal service was made upon defendant in any county in Pennsylvania.

(b) Defendant Harold T. Cornell, administrator of the estate of Thomas T. Cornell, was at the time of the filing of the complaint in this action, and still is; a resident of Jamestown, N. Y., and therefore is a nonresident of the State of Pennsylvania. The complaint alleges the cause of action arose in Adams

County, Pa. Therefore, this action can be commenced in, and only in, Adams County, Pa.

2. Service upon the Secretary of the Commonwealth, April 14, 1950, is defective and invalid, because the complaint upon its face does not allege defendant Harold T. Cornell, administrator as aforesaid, is a nonresident of the State of Pennsylvania. The Secretary of the Commonwealth is not authorized to accept service under the Pennsylvania Rules of Civil Procedure, unless the complaint alleges and plainly shows upon its face that defendant is in fact a nonresident of Pennsylvania.

3. The preliminary objections herein filed are filed solely and only for the purpose of attacking the jurisdiction of the Court of Common Pleas of Clinton County, and for the purpose of attacking the service of the complaint, without prejudice to any rights of defendant.

If the jurisdiction of this court were dependent solely upon the applicability of the provisions of Rules 2077(a)(1) and 2078(a)(2), the first objection raised by defendant would have to be sustained, for admittedly this action was brought in neither the county where defendant could be personally served nor in the county in which the cause of action arose.

However, these rules are not concerned with prescribing when jurisdiction could be exercised in the case of nonresidents but solely for the purpose of providing a "unified procedure to be followed in those cases in which the Statutes authorized the exercise of jurisdiction over a non-resident". (See Goodrich-Amram, sec. 2077(A)(1), commentary.) Therefore we must ascertain whether a statute does give this court jurisdiction of this action.

The Fiduciaries Act of April 18, 1949, P. L. 512, sec. 621, 20 PS §320.621, provides as follows

"Any proceeding may be brought against a personal

representative or the surety on his bond in the county where his letters have been granted, and if the personal representative or surety does not reside in that county, process may be served on either of them personally, or as follows

"(1) When resident of another county. By a duly deputized sheriff of any other county of the Commonwealth in which he shall be found.

"(2) When a nonresident of the Commonwealth. By the sheriff of the county where letters have been granted sending, by registered mail, return receipt requested, a true and attested copy of the process to the Secretary of the Commonweatlh, accompanied by the fee prescribed by law, and to the personal representative or surety at his last known address, with an endorsement thereon showing that service has been so made upon the Secretary of the Commonwealth."

It is quite clear therefore that the legislature has given the courts of this county jurisdiction over any proceeding brought against defendant in this action, and since the word "proceeding" in the above act is used in a comprehensive or general sense, rather than in a restricted sense, and hence "it includes any and all of the steps or measures adopted or taken, or required to be taken, in the prosecution or defense of an action, from the commencement of the action to its termination", (1 C. J. S. 955, Actions §1h.(a)), it follows that this action was properly brought in this court.

There is nothing novel about such an act authorizing actions to be brought in the county of the fiduciary's appointment and providing for service upon nonresident fiduciaries.

Earlier acts also had certain provisions relating to service of nonresident fiduciaries. Thus the Act of June 7, 1917, P. L. 447, sec. 37, 20 PS §784, allowed proceedings to be brought against fiduciaries non-

resident in the county by deputized service in any other county, or by service upon any surety on the official bond of such fiduciary, and this act in turn was taken in part from the Act of March 27, 1854, P. L. 214, sec. 1, 20 PS §3211, which provided as follows:

"In all cases where executors, administrators, assignees or other trustees, shall not reside within the jurisdiction of the court having control of their accounts, proceedings may be had and suits may be brought against them by creditors and others interested in said estate, in the counties where such accounts are to be settled, and process may be served by the proper officers of said counties or their deputies, on said executors, administrators, assignees or other trustees, beyond the bounds of said counties, as if they resided therein, or upon any surety on their official bonds, with like effect as if they resided within the jurisdiction of the courts having control of their accounts."

In McCahan v. Reeder, 10 Dist. R. 298, an action was brought before a justice of the peace in Juniata County against Emanuel Reeder, executor of the estate of Martha Reeder, deceased, the executor being a nonresident of Pennsylvania. The executor had given security as required by the then applicable act relating to nonresident executors, which required two or more sureties who were inhabitants of the Commonwealth. Service of the summons was made upon the two sureties on the bond under the provisions of the Act of 1854, supra. The court held that the justice properly had jurisdiction over the nonresident executor by such service upon his resident sureties, stating as follows

"Emanuel Reeder, Executor, etc., of Martha Reeder, deceased, is not a foreign executor. He became subject to the laws of Pennsylvania when he filed his bond, took the oath of office and assumed the duties of ex-

ecutor. A foreign executor is one who derives his authority from another state or nation. The Act of March 27, 1854, P. L. 214, as we have seen, warrants the service of a summons upon him, precisely as was done in this case, for the purpose of obtaining judgment against him, and he having come into this jurisdiction for the purpose of accepting this trust, should be considered as estopped from denying the jurisdiction in order to escape from the liabilities which he voluntarily assumes."

The legal concept that the status of an executor or administrator is controlled by the appointing State is clearly expressed in Lisbon Savings Bank & Trust Co. v. Moulton's Estate, 91 N. H. 477, 22 A. 2d 331 (Supreme Court of New Hampshire) where it is stated at pages 481, 482, as follows:

"The legal concept is analogous to that of a corporation. As an artificial person distinct from himself as an individual, an executor is a creation of the law, belonging in the state of his appointment and at all times subject to its jurisdiction, with no legal residence elsewhere. Accepting the appointment, he accepts the doctrine that he shall be regarded in his capacity as executor as a subject of the state, and not as an alien or non-resident. While as executor he is where he may be in person, his status as executor is local. . . . When a non-resident is appointed as a representative of an estate, he is only called in convenience a non-resident representative. This may follow as the natural thought of his primary personal status of non-residence. But misleading phraseology does not warrant its legal adoption. There is no non-residential status of a locally appointed representative of an estate. Administrators and executors as such are to be treated in the same manner as inhabitants of the state, although their presence as persons of legal creation may

coincide with that of their individual selves. Their right to determine their personal domicile is not a right to determne the state in which they belong in their representative capacities."

Defendant next contends that in order to justify service on the Secretary of the Commonwealth the complaint must allege and plainly show on its face that defendant is in fact a nonresident of Pennsylvania.

It is undoubtedly correct that in order to serve plaintiff in the manner provided in section 621 of the Fiduciaries Act, defendant must in fact be a nonresident of Pennsylvania. However, desirable as it undoubtedly would be to have this fact appear in the complaint (which in this case it does not), nevertheless the fact of nonresidence is a matter which can be preliminarily determined by the court: Midora et al. v. Alfieri et al., 341 Pa. 27; Lehigh Valley Transit Co. v. Yatch et al., 75 D. & C. 381. Therefore, since the court can so preliminarily determine nonresidence as a matter of fact, the failure to allege it in the pleadings is not a fatal defect. And since it is conceded that defendant was a nonresident of Pennsylvania at the time of the institution of this action, we rule that service could properly be made on the Secretary of the Commonwealth.

Defendant in his argument and brief raises objections as to the manner and date of service by registered mail of the complaint upon the Secretary of the Commonwealth and defendant. However, inasmuch as such grounds were not specifically relied upon in the preliminary objections as filed, as required by rule 1028, they will not be considered by the court.

### Order

Now, July 8, 1953, the preliminary objections filed by defendant are overruled, and defendant is directed to file an answer to the complaint within 20 days.